UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>　　　　　Defendant. | Case No. 20-cv-04579-JCS<br><br>**ORDER TO SHOW CAUSE AND CONTINUING OCTOBER 9, 2020 CASE MANAGEMENT CONFERENCE** |

Having granted Plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court is required to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether any claims are subject to dismissal on the basis that they: 1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996) .

Here, Plaintiff alleges in his complaint that he has reported to the San Francisco Police Department ("SFPD") that he is the victim of an ongoing hate crime against him by a neighbor but that SFPD has failed to conduct an investigation of the crime because "they look at [Plaintiff] differently from a regular citizen."  Complaint at 3.  The Court construes Plaintiff's complaint as an attempt to assert a civil rights claim under 42 U.S.C. § 1983 based on violation of Plaintiff's right to Equal Protection under the Fourteenth Amendment. *See Sula v. City of Watervliet*, No. 106CV316NAMDRH, 2006 WL 2990489, at *3 (N.D.N.Y. Oct. 19, 2006) (holding that the plaintiff had adequately alleged a violation of 42 U.S.C. § 1983 and his constitutional right to Equal Protection where he alleged that "he was targeted and/or treated differently by defendants because of his race or national origin" and in particular, that police had failed to investigate a hate

crime against him based on his African-American heritage).  Plaintiff's claim is inadequately alleged, however, in two respects.

First, in naming the SFPD, Plaintiff has not named a proper defendant.  A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983.   Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as counties or municipalities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action).  Therefore, Plaintiff fails to state a claim as to the SFPD and has not named any proper defendant in his complaint.  The Court further notes that although the City and County of San Francisco may be sued under § 1983, there is no vicarious liability under that statute, meaning that it can be held liable for constitutional violations arising from the conduct of its officers only if that conduct is the result of an official policy of the City and County of San Francisco.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")   Because Plaintiff has not alleged any official policy was the cause of the alleged violation of his right to Equal Protection, simply replacing the SFPD with the City and County of San Francisco will not cure the pleading deficiency.

Second, to state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   Plaintiff has alleged only that he was treated less favorably than a "regular citizen" without offering any additional allegations explaining this phrase.  As a consequence, his complaint fails to raise a plausible inference that he

was subject to discrimination based on his membership in a protected group such as race or national origin.

Accordingly, no later than **October 2, 2020**, Plaintiff must file either an amended complaint curing the deficiencies stated herein or a response to this order addressing why his current complaint is sufficient.  If Plaintiff does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice. The case management conference previously set for **October 9, 2020 at 2:00 p.m**. is continued to **January 8, 2020 at 2:00 p.m.**  Any amended complaint must include the caption and civil case number used in this order 20-cv-04579) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  Appointments, which are currently being conducted by telephone or video-conference due to the health emergency, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: September 1, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3